# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Baker Roofing Company, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-3776-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| American Guarantee and Liability ) | |
| Insurance Company, Zurich American ) | |
| Insurance Company, and Builders ) | |
| Premier Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case is before the Court on Plaintiff Baker Roofing Company's motion to remand pursuant to 28 U.S.C. § 1447(c) (ECF No. 10). Baker argues, *inter alia*, that Defendants American Guarantee and Liability Insurance Company and Zurich American Insurance Company improperly removed the case to federal court without Defendant Builders Premier Insurance Company's consent. Baker seeks an award of costs and attorney's fees. For the reasons set forth herein, the Court grants Baker's motion for remand but denies its request for attorney's fees.

## BACKGROUND AND PROCEDURAL HISTORY

This is an insurance-coverage dispute. It stems from a construction-defect lawsuit pending against Baker in South Carolina state court. Baker seeks primary liability coverage from Builders Premier, which issued Baker a commercial general liability policy with a coverage period of July 1, 2013 to July 1, 2014, and from Zurich, which issued Baker a commercial general liability policy covering the succeeding one-year period. Baker seeks excess coverage from American Guarantee under two successive umbrella policies with a combined coverage

period of July 1, 2013 to July 1, 2015.  Without admitting its policy provides coverage, Builders Premier has agreed to defend Baker.  Zurich and American Guarantee, however, have refused to provide coverage.

In the present lawsuit, Baker seeks a declaratory judgment that all three insurers must provide it defense and indemnity coverage in the construction-defect litigation.  It has also asserted claims against Zurich and American Guarantee for breach of contract and insurance bad faith.  All three defendants deny that their policies afford Baker defense or indemnity coverage.

On November 30, 2016, Zurich and American Guarantee removed the case to this Court.  Builders Premier neither joined in their notice of removal nor consented to removal.  On December 21, Baker moved to remand, arguing removal was improper because *inter alia*, the defendants did not unanimously agree to removal.  The motion has been fully briefed; Builders Premier supports it, while Zurich and American Guarantee oppose it.  The matter is therefore ripe for consideration.

## DISCUSSION

For the following reasons, the Court finds that Zurich and American Guarantee's removal was defective and that remand is necessary.  However, the Court finds that an award of attorney's fees and costs is not warranted.

### I.     Lack of Unanimity Among Defendants

28 U.S.C. § 1441(a) allows "the defendant or defendants" named in certain types of state-court cases to remove the case to federal district court.  The "defendant or defendants" accomplish removal by filing a notice that contains a short and plain statement of the grounds for removal.  28 U.S.C. § 1446(a).  Courts have construed the "defendant or defendants" language in those statutes as requiring that all defendants in a case join in or consent to removal.  *Hartford*

2

*Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).  That requirement is called the "rule of unanimity."  *Id.*  Failure to comply with the rule renders the removal defective and is grounds to remand the case to state court.  *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) (holding the failure of all defendants to join in the removal petition is a nonjurisdictional defect in the removal); *Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014) ("[O]rdinarily, the failure of any defendant to consent to removal renders the removal improper and requires remand.")

Builders Premier neither joined nor consented to Zurich and American Guarantee's removal notice.  Thus, it appears the unanimity rule has not been satisfied.

No so fast, say Zurich and American Guarantee, for an exception to the rule applies here.  A nominal defendant—one with "no immediately apparent stake in the litigation" either before or after removal—need not join in or consent to removal.  *Hartford Fire Ins. Co.*, 736 F.3d at 259, 260.  Zurich and American Guarantee contend Builders Premier is a nominal defendant because it has agreed to provide Baker defense coverage.

The nominal-defendant exception is meant to "ensure[] that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case."  *Hartford Fire Ins. Co.*, 736 F.3d at 259.  Analyzing whether the exception applies is straightforward: the court decides whether the non-removing defendant "has an interest in the outcome of the case."  *Id.* at 261; *see also id.* at 260 ("[T]he key inquiry is whether the suit can be resolved without affecting the non-consenting . . . defendant in any reasonably foreseeable way.").

Builders Premier clears that threshold.  Baker has been sued by a plaintiff seeking more than $20 million in actual damages alone.  In asserting its declaratory judgment claim against

3

Builders Premier, Baker asks this Court to hold that Builders Premier must pay lawyers to defend Baker in that suit and must pay at least some part of any judgment the plaintiff might obtain. The Court cannot say Builders Premier "has no dog in this fight." *See Hartford Fire Ins. Co.*, 736 F.3d at 261.

The nominal-defendant exception "helps to preserve the adversity that is central to our system of justice." *Hartford Fire Ins. Co.*, 795 F.3d at 262. Relying on that statement, Zurich and American Guarantee argue Builders Premier must be a nominal defendant because, unlike them, it has not refused to provide coverage and thus there is no genuine adversity between it and Baker. To be sure, Builders Premier has agreed to defend and indemnify Baker, and it asserts it is fulfilling its obligations to Baker under the policy. However, Builders Premier denies that it actually has a legal obligation to defend or indemnify Baker, it disputes Baker's allegations regarding what its policy covers, and it asks that Baker's claim against it be dismissed. The position Builders Premier has laid out resembles—and in fact may well be—that of an insurer that initially agrees to defend its insured without admitting it has any coverage obligations and subject to a reservation of its right to later disclaim or challenge coverage. That position gives the Court no concern that Baker and Builders Premier lack adversity. Thus, Zurich and American Guarantee have not shown that Builders Premier is a nominal defendant. *See Palmetto Automatic Sprinkler Co.*, 995 F. Supp. 2d at 495 ("[W]here a defendant does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies.").

Anticipating that conclusion, Zurich and American Guarantee argue alternatively that they did not need Builders Premier's consent to remove because it should be realigned as a plaintiff. The Court disagrees.

4

The potential realignment of parties is a two-step analysis: "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995) (diversity issue); *see Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13CV882, 2014 WL 842983, at *4–5 (M.D.N.C. Mar. 4, 2014) (unanimity issue). The primary issue in this case is obvious: whether these three insurance companies must defend and indemnify Baker in the construction-defect case. *Cf. U.S. Fid. & Guar. Co.*, 48 F.3d at 134. Baker and Builders Premier are therefore properly situated on opposing sides of that issue. *See Wayne J. Griffin Elec., Inc.*, 2014 WL 842983, at *6 (recognizing that in insurance coverage declaratory judgment cases, using "the v." to separate insurers from insureds often will properly reflect the case's primary issue).

Baker, of course, has an interest in getting as many insurers as possible to defend and indemnify it. Zurich and American Guarantee contend that, because Builders Premier has an interest in seeing that other insurers share in Baker's defense and indemnity costs, it has the same interest as Baker and thus must be viewed as a plaintiff. Contribution among the insurers, however, is ancillary to the primary issue of whether the insurers are liable to Baker at all. *See U.S. Fid. & Guar. Co.*, 48 F.3d at 134. On that primary issue, the three insurers appear to be a united front. The Court will therefore not realign Builders Premier.

Because Zurich and American Guarantee have not shown that they satisfied the unanimity rule, the Court finds their removal defective and must therefore remand this matter to state court.[1]

---

1. Consequently, the Court does not reach Baker's other grounds for remand.

## II.     Costs and Attorney's Fees

Baker seeks an award of costs and attorney's fees it incurred challenging the defective removal.  Subsection 1447(c) authorizes the awarding of such fees as a deterrent against litigants using removal as a delay tactic.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It follows, then, that courts should decide whether to make such awards by deciding whether the removal, though defective, was nonetheless reasonable and attempted in good faith.  *See id.*  The Court so finds here, and thus it denies Baker's request for attorneys' fees.

## CONCLUSION

For the reasons given above, it is **ORDERED** that Baker's motion to remand is **GRANTED**.  This case is hereby **REMANDED** to the Court of Common Pleas for Charleston County, South Carolina.  Baker's request for attorney's fees is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 23, 2017**
**Charleston, South Carolina**

6